IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER WILLIAM DAVIS**                                                                 **PLAINTIFF**

V.                                              **CASE NO. 5:24-CV-5257**

**JUDGE JEFF CONNER**                                                                          **DEFENDANT**

**OPINION AND ORDER**

Before the Court is a Report and Recommendation ("R&R") (Doc. 8) by United States Magistrate Judge Mark E. Ford, recommending that Plaintiff Christopher William Davis's Complaint (Doc. 1) be dismissed without prejudice on preservice screening under 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted. Mr. Davis has filed an Objection (Doc. 9) to the R&R, and the Court has reviewed the entire case file *de novo*. For the reasons given below, Mr. Davis's Objection is **OVERRULED**, and the R&R is **ADOPTED IN ITS ENTIRETY**.

Mr. Davis filed his Complaint on December 18, 2024, bringing one claim against Defendant Benton County District Court Judge Jeff Conner. Mr. Davis alleges that on August 2, 2024, Judge Conner conducted a bond hearing and issued a bond for Mr. Davis while he was not represented by counsel, and that this violated Mr. Davis's rights to counsel and due process under the Sixth and Fourteenth Amendments of the United States Constitution. *See* Doc. 1, p. 4. Mr. Davis brings this claim against Judge Conner in both his official and individual capacities. *See id.* at 5. As relief, Mr. Davis seeks compensatory and punitive damages totaling $500,000.00; he also states that he "would

1

like a change in policy at Benton County Jail that would not allow Judges to issue Bonds to inmates without attorneys to represent them." *Id.* at 9.

Magistrate Judge Ford recommends dismissing Mr. Davis's Complaint without prejudice because the doctrine of judicial immunity protects judges from "liability for damages for acts committed within their judicial jurisdiction.'" (Doc. 8, p. 3) (quoting *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Since Mr. Davis alleges only that Judge Conner "saw him for a bond hearing without an attorney present," his claim is plainly for actions that the Defendant took "in his judicial capacity." *See id.* Therefore, Judge Ford reasons, Judge Conner "is entitled to judicial immunity." *Id.*

In Mr. Davis's Objection, he points to this Court's August 21, 2024 ruling in the case of *Farella v. Anglin*, in which this Court granted permanent injunctive relief to a class of plaintiffs against a different Benton County District Court judge and the Benton County Public Defenders, ordering them to "ensure that indigent defendants are represented by appointed counsel" at that Judge's bond hearings "when he determines bail." *See* 734 F. Supp. 3d, 863, 886 (W.D. Ark. 2024). Mr. Davis argues in his Objection that the facts of his case are similar to those of *Farella*, and asks that this Court apply its own *Farella* precedent and allow his claim to proceed. *See* Doc. 9, p. 1.

There is a critical difference, however, between the instant case and *Farella*. *Farella* was a class action lawsuit, in which two plaintiffs sought prospective injunctive relief on behalf of an entire well-defined class of individuals. *See Farella*, 2023 WL 5005384, at *3–*4 (W.D. Ark. Aug. 5, 2023) (holding that plaintiffs in putative class action had standing to bring claims on behalf of class regardless of whether their individual harms had become moot); *Farella*, 346 F.R.D. 92 (W.D. Ark. 2024) (certifying class of

pretrial detainees who have or will appear before the defendant judge in that case for bond hearing who are indigent and do not have appointed counsel at that hearing, and appointing the plaintiffs in that case as class representatives and their attorneys as class counsel). Accordingly, the defendant judge in that case only sought dismissal on judicial immunity grounds to whatever extent the individual plaintiffs' underlying claim in that case was "regarding the amount of bond set." *See* Case No. 5:22-cv-5121, Doc. 101, pp. 23–24. This Court declined to reach the issue of judicial immunity in *Farella* because its review of the pleadings and summary judgment briefing revealed "no indication that Plaintiffs are contesting the outcome of their bond determinations." *See Farella*, 734 F. Supp. 3d at 867 n.3.

Here, Mr. Davis has not filed a putative class action, nor has he identified any well-defined class of individuals on whose behalf he seeks to litigate this matter. Instead, he simply appears to be contesting the outcome of his own bond determination—hence his request for compensatory and punitive damages. Under such circumstances, the doctrine of judicial immunity bars both monetary and injunctive relief. *See Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 763–64 (8th Cir. 2019). And to whatever extent Mr. Davis is seeking injunctive relief for individuals other than himself, his Complaint does not provide any factual basis to show that he has standing to do so since he has not identified any class of individuals on whose behalf he seeks to litigate this claim. *Cf. United States v. Sanchez-Gomez*, 584 U.S. 381, 387–90 (2018) (holding that there is no "freestanding exception to mootness outside the class action context" by which a case that "does not involve any formal mechanism for aggregating claims" can be treated as a "functional class action" simply because allegations resolved in the plaintiff's

favor might benefit other similarly situated individuals once the plaintiff's individual claims have dissipated).

**IT IS THEREFORE ORDERED** that Magistrate Judge Mark E. Ford's Report and Recommendation (Doc. 8) is **ADOPTED IN ITS ENTIRETY**, and Plaintiff Christopher William Davis's Objection (Doc. 9) thereto is **OVERRULED**.  Mr. Davis's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 11th day of August, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE